# UNITED STATES DISTRICT COURT
# OF THE CENTRAL DISTRICT OF CALIFORNIA

## District Court Case No. 5:21-cv-00066-MCS
## Honorable Mark C. Scarsi

Appeal from United States Bankruptcy Court

Bankruptcy Case No: 6:20-bk-14172-MH

## In re: Ryan Estates, LLC

_____

## Niki-Alexander Shetty

Appellant

v.

## Ryan Estates, LLC

Appellee.

_____

## APPELLEE'S OPENING BRIEF

Sevan Gorginian, Esq. (SBN 298986)
**Bankruptcy Law Office of Sevan Gorginian**
450 North Brand Boulevard, Suite 600
Glendale, California 91203
Tel:  818.928.4445 I Fax: 818.928.4450
Email: sevan@gorginianlaw.com

**Attorney for Appellee**

## <u>TABLE OF CONTENTS</u>

I.      Preliminary Statement Re: Untimeliness of Appeals ……………………3

II.     Statement of Issues …………………………………………….……….……4

III.    Statement of Facts………………………………………………..…………5

IV.     Standard of Review……………………………………………..………..6

V.      Summary of Argument……………………………………………………6

VI.     Argument
        A. Untimeliness of Orders on Appeal……………………………..…………7

        B. Bankruptcy Court's Findings of Facts Were Not Clearly Erroneous
           and Its Conclusions of Law Were Properly
           Founds………………………………………………………..………..8

VII.    Conclusion…………………………………………………………….……...10

Certification Of Interested And Related Parties……………………………………11

Certificate Of Compliance……………………………………………….…………..11

Certificate Of Proof Of Service……………………………………….…………12

# I.

## PRELIMINARY STATEMENT RE: UNTIMELINESS OF APPEALS

To begin, the Court should first find that Appellant's appeal is only with respect to one order – the *Order Re: Motion for Damages* (defined below). This is the only order on appeal. The other two orders were <u>not</u> timely appealed and therefore moot. Namely the "Order Granting Motion to Dismiss" and "Order Denying Ex Parte Motion."[1] These two latter orders were not timely appealed. Taken together, FRAP 3 and 4 stand for the proposition that Appellant had to file 3 separate notices of appeal (not 1 notice of appeal as Appellant has) and those notices of appeals must be filed within 30 days of entry of those orders.

Alas, Appellant's appeal of both the Order Denying Ex Parte Motion and the Order Granting Motion to Dismiss is untimely and improper because there was no separate notice of appeals filed for those two orders and those orders were

---

[1] Appellant's January 12, 2021 *Notice of Appeal and Statement of Election* identifies and impermissibly groups 3 orders together.

(a) "Order Granting in Part, 'Alleged Debtor's motion for an Order Pursuant to 11 U.S.C. § 303(i) for Damages, Costs and Attorney's Fees' with Findings of Facts and Conclusions of Law'" (Appellant identifies as "<u>Order Re: Motion for Damages</u>") entered **December 30, 2020**; attached as **Exhibit A** to the Notice of Appeal.

(b) "Order Denying 'Ex Parte Motion to Continue Hearing of Appellee's Order Re: Motion for Damages" ("<u>Order Denying Ex Parte Motion</u>") entered **December 14, 2020** attached as **Exhibit B** to the to the Notice of Appeal.

(c) "Order Granting in Part Alleged Debtor's Motion to Dismiss Involuntary Case and Continuing Hearing as to Bad Faith and Sanctions Request, with Findings of Facts and Conclusions of Law" ("<u>Order Granting Motion to Dismiss</u>") entered **September 18, 2020** and attached as **Exhibit C** to the Notice of Appeal.

impermissibly squeezed into the Appellant's Notice of Appeal and Statement of Election with respect to the Order Re: Motion for Damages.

For that reason, this appeal is only about <u>one order</u> – the Bankruptcy Court's *Order Re: Motion for Damages*.[2]  Respectfully, this Court is asked to find the other two orders as moot and find the lower bankruptcy court did not err in granting the Order Re: Motion for Damages.

## II.

## STATEMENT OF ISSUES

**1.**     Are the appeals on the Order Denying Ex Parte Motion and the Order Granting Motion to Dismiss untimely?

**2.**     With respect to the only order on appeal, the Order Re: Motion for Damages, did the lower bankruptcy court err when it made findings of facts and conclusions of law in finding that Appellant and his counsel of record (who withdrew from this appeal) were liable for sanctions?

As shown below, the answer to the first is in the affirmative that the appeal of those orders are untimely and therefore moot.  The answer to the second is a resounding no because the lower bankruptcy court did not err and Appellant has failed to meet his burden of proof in demonstrating the same.

_____

[2]To save time and resources, Appellee's Brief is focused on that one order on appeal – the Order Re: Motion for Damages.  Appellee will briefly discuss the other two orders but respectfully reserves the right and kindly asks this honorable Court to allow it to supplement its Opening Brief if the Court believes those two orders were timely.

## III.

## STATEMENT OF FACTS

### A. Brief Statement of Facts

Appellant Shetty orchestrated an improper hijacking of the Appellee by conspiring with other petitioning creditors to place the Appellee in an involuntary Chapter 11 case.   Appellant Shetty is a con artist with a history of perpetuating fraud on individuals and lenders.   He has pled guilty and sentenced to 15 months in prison and ordered to pay restitution for bank fraud and money laundering.

In short, Appellant Shetty was facing a foreclosure on three of his properties. *On the eve of the foreclosure sale date, Appellant Shetty transferred 20% joint venture interest in these properties to the Appellee and then turned around and filed an involuntary Chapter 11 bankruptcy petition against the same Appellee entity.* If bad faith were a picture – this would be it.

Appellee filed a motion to dismiss the involuntary case which the lower bankruptcy court granted through an entry of an *Order Granting Motion to Dismiss* [this order was not appealed].  Pursuant to the Order Granting Motion to Dismiss, the lower bankruptcy court then had to adjudicate the appropriate sanctions against the petitioning creditors and their counsel.  Appellee filed its *Motion for an Order Pursuant to 11 U.S.C. § 303(i) for Damages, Punitive Damages, Costs and Attorney's Fees* which the lower bankruptcy court properly granted by ordering $27,408 in sanctions assessed against Appellant and his counsel Raymond H. Aver[3]  aka Order Re: Motion for Damages.

In the Order Re: Motion for Damages, the lower bankruptcy court made

---

[3] Attorney Raymond H. Aver is the same counsel who withdrew from this appeal earlier in the appeal. Thus, he is not a party to this appeal and therefore waived his right to appeal his apportioned sanctions of 25% ($6,852).

specific findings of facts and conclusions of law in support of its decision. Specifically, the lower bankruptcy court reviewed all of the briefings and found Appellant Shetty to be responsible for orchestrating the involuntary bankruptcy along with his counsel, Raymond H. Aver.  The lower bankruptcy court reviewed the Attorneys Fees damages and found them to be reasonable.

Appellant has failed to carry his burden of proof and reach the necessary standard of review on this appeal to demonstrate the lower bankruptcy court's Order Re: Motion for Damages should be reversed.   For these reasons, and those below, this honorable Court should affirm the lower bankruptcy court's orders.


### IV.

### STANDARD OF REVIEW

The Court should review the lower bankruptcy court's legal conclusions *de novo* but its factual findings for clear error.  *In re Cherrett,* 873 F.3d 1060, 1064 (9th Cir. 2017); *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

## V.

## SUMMARY OF ARGUMENT

Appellee raises two arguments in this brief.

**First**, the only order on appeal herein is the "*Order Re: Motion for Damages*" as the Appellant failed to timely file a separate notice of appeal within the 30 day timeframe under FRAP 4 for the *Order Granting the Motion to Dismiss* and the *Order Denying Ex Parte Motion*. Thus, the appeal with respect to those two latter appeals are moot and the Court does not have jurisdiction to hear those.

**Second**, reviewing the Order Re: Motion for Damages, the Appellant failed to demonstrate why the lower bankruptcy court's findings of facts are clearly erroneous or why the conclusions of law is reversible error.

## VI.

## ARGUMENT

A.   **Untimeliness of Orders on Appeal**

The only order on appeal herein is the "*Order Re: Motion for Damages*" as the Appellant failed to timely file a separate notice of appeal within the 30 day timeframe under FRAP 4 for the *Order Granting the Motion to Dismiss* and the *Order Denying Ex Parte Motion*.  In addition, FRAP 3(b)(2) states that "when the parties have filed <u>separate</u> <u>timely</u> notices of appeal" can the court of appeals consolidate or join them together.  Here, Appellant did not filed separate notices of appeal for each of the 3 orders he appeals in his Notice of Appeal.  Instead, he filed one notice of appeal with respect to the Order Re: Motion for Damages and

attempts to cram in the other two orders in it.  For these reasons, the appeal as to the Order Granting the Motion to Dismiss and Order Denying Ex Parte Motion are moot as the Court lacks jurisdiction on those two orders.

**B.    Bankruptcy Court's Findings of Facts Were Not Clearly Erroneous and Its Conclusions of Law Were Properly Found.**

Appellant's opening brief is riddled with just noise.  He complains that he was the Managing Member of the Appellee; that Appellee counsel Sevan Gorginian's representation of Appellee is improper; that his *Ex parte Application for Order Containing the Hearing* was improperly denied; that he lacked due process.  These are all matters that were not raised properly during the underlying merits of the case; not to mention they are unwarranted and just wrong.

Appellant forgets his own misconduct which led to the sanctions order (i.e. transferring properties that were subject to a foreclosure sale to the Appellee and then turning around and placing the Appellee in an involuntary bankruptcy to take advantage of the automatic stay to stop the foreclosure sale of his properties). Appellee is a convicted criminal who has continually engaged in vexatious conduct and lacks credibility.   Appellee was represented by counsel, Raymond H. Aver, and that is why the lower bankruptcy court precluded him from making oral arguments directly as he was represented by counsel.  Appellee has a reputation of lying, making lengthy unwarranted arguments and merely attempts to dissuade from the facts.  The lower bankruptcy court precluded Appellant not to make oral

arguments because he was represented by counsel and because he would merely hijack the hearing and continue his diatribe of falsehoods and boorish arguments.

Appellant argues the *Order Re: Motion for Damages* should be void for lack of jurisdiction.  This is also misplaced because the bankruptcy court had proper jurisdiction, both personal and subject matter, to adjudicate the merits of the involuntary case.

Appellant's opening brief and this appeal is an attempt to take a second bite at the apple.  He raises points for the first time on this appeal, i.e. arguments that he, Appellant, advanced funds for the joint venture.  Appellant then shifts the blame on Mr. Aver, former counsel, by arguing that it was he who "affirmatively advised the creditors that a filing of a Chapter 11 involuntary petition….was appropriate." See Appellant's Brief page 12: lines 23-26.   They all knew what they were doing.

Appellee's counsel, Sevan Gorginian, was properly retained by the Appellee through a board meeting and corporate resolution statement wherein it stated that the Appellee retains Attorney Gorginian for legal representation.

All in all, the Appellant failed to carry the burden to show why the lower bankruptcy court's conclusions of law are reversible error under a de novo standard.  Appellant also failed to show why the lower bankruptcy court's findings of facts were clearly erroneous.

Appellant's arguments in this appeal relate mostly to the "Motion to Dismiss Involuntary Case" but since Appellant failed to timely appeal the "Order Granting Motion Dismiss" then consequently, 99% of his arguments in this appeal are futile.

The only arguments pertinent are with respect to the Order Re: Motion for Damages and Appellant fails to raise proper arguments to show why the sanctions issued in the Order Re: Motion for Damages are reversible error.

As such, the Court should affirm the Order Re: Motion for Damages.

## VII.

## CONCLUSION

The Court should first decline to adjudicate the appeal with respect to the Order Granting the Motion to Dismiss and the Order Denying Ex Parte Motion as those orders were not timely appealed causing this Court to lack jurisdiction to hear those appeals.  With respect to the only order on this appeal, the Order Re: Motion for Damages, the lower bankruptcy court's findings of facts contain no clear error and its application of the Bankruptcy Code's standard and legal basis is proper.

For these reasons, the Court should affirm.


Date: June 21, 2021                      Respectfully submitted,

                                         Sevan Gorginian, Esq.
                                         Counsel for Appellee

**CERTIFICATION OF INTERESTED PARTIES**

The undersigned certifies that the following parties have an interest in the outcome of this appeal.

1. Rao V. Daluvoy, officer and member of Appellee Ryan Estates, LLC
2. Sevan Gorginian, counsel to Appellee

June 21, 2021

Sevan Gorginian, Esq.
Counsel for Appellee

**CERTIFICATION OF COMPLIANCE PER RULE 32(g)(1)**

Appellee, through counsel, certifies that the opening brief complies with the type-volume limitation.  There are nearly 2,392 words and nearly 10 pages of materials in argument.

June 21, 2021

Sevan Gorginian, Esq.
Counsel for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on  June 22, 2021      I electronically filed the
APPELLEE'S OPENING BRIEF with the Clerk of the Court for the Central District
of California by using the CM/ECF system.  I certify that all parties of record on
this appeal are either registered for CM/ECF and have registered for electronic
notice or have consented in writing to electronic service and that service will be
accomplished through CM/ECF.

Service by CM/ECF

Sevan Gorginian for appellee          sevan@gorginianlaw.com

Service by U.S.P.S. Mail
**_Appellee_**
_Niki Alexander Shetty_
_20631 Ventura Blvd. # 301_
_Woodland Hills, CA 91364_

**_Bankruptcy Court_**
U.S. Bankruptcy Court
Attn: Chambers of Hon. Mark D. Houle
3420 Twelfth Street, Suite 365
Riverside, CA 92501

**_Prior Counsel to Appellant_**
Law Offices of Raymond H. Aver
10801 National Blvd. # 100
Los Angeles, CA 90064

Service by Email to Appellant Niki Alexander Shetty
 chicoo@sbcglobal.net

I attest under penalty of perjury that I have served the above representatives by
the methods identified.  Signed here in Los Angeles, CA.

Date:  June 22, 2021                    _____
                                        Sevan Gorginian