JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 5:21-cv-00066-MCS<br>USBC Central District of California at Riverside, 6:20-bk-14172-MH | Date | August 24, 2021 |
|---|---|---|---|
| Title | *In re Ryan Estates, LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   (IN CHAMBERS) ORDER AFFIRMING BANKRUPTCY COURT**

Before the Court is a bankruptcy appeal brought by Appellant Niki-Alexander Shetty ("Shetty"), proceeding pro se, against Appellee Ryan Estates, LLC ("Ryan Estates"). Shetty filed a single Notice of Appeal on January 12, 2021, identifying the following orders:

- December 30, 2020 Order Granting In Part "Alleged Debtor's Motion For An Order Pursuant to 11 U.S.C. § 303(i) For Damages, Costs And Attorneys' Fees With Findings Of Facts And Conclusions Of Law" ("Damages Order");
- December 14, 2020 Order denying Shetty's *ex parte* motion to continue the hearing on the motion that resulted in the Damages Order ("Ex Parte Order");
- September 18, 2020 "Order Granting In Part Alleged Debtor's Motion To Dismiss Involuntary Case And Continuing Hearing As To Bad Faith And Sanctions Request, With Findings Of Fact And Conclusions Of Law" ("MTD Order").

Ryan Estates argues that the only order on appeal is the Damages Order. *See* Appellee's Opening Br., ECF No. 12. The Court agrees. Failure to file a timely

notice of appeal deprives the district court of jurisdiction to review a bankruptcy court's final order, and an appellant must file a separate notice of appeal for each bankruptcy court order with which the appellant disagrees. *See Herrera v. Pons*, 2018 WL 2229369, at *11 (S.D. Cal. May 16, 2018) ("Here, while recognizing Appellant's pro se status, the Court similarly concludes that it lacks jurisdiction over the Sanctions Order because Appellant failed to file a notice of appeal separate from the notice appealing the community property determination.") (collecting cases); *see also* Bankruptcy Rules 8001(a) and 8002(b). The Court lacks jurisdiction over the Ex Parte Order and MTD Order because Shetty failed to timely file a notice of appeal, separate from the notice appealing the Damages Order. *Id.*

For the following reasons, the Court **AFFIRMS** the decision of the Bankruptcy Court.

## I.   RELEVANT BACKGROUND

On June 16, 2020, Jayshree Shah, Mary Hilyard, Sandhya Gandhi, and Shetty ("Petitioning Creditors") filed an involuntary Chapter 7 petition against Ryan Estates. The Bankruptcy Court entered the MTD Order on September 18, 2020, dismissing the case and requiring the parties to further brief the issue of damages under 11 U.S.C. § 303. Ryan Estates filed its motion for damages ("Damages Motion") on October 31, 2021, requesting, among other things, a fee award. The Bankruptcy Court granted the Damages Motion in part, awarding Ryan Estates $27,408 in attorneys' fees assessed as follows: 75% ($20,556) against Shetty and 25% ($6,852) against Shetty's counsel.[1] The Bankruptcy Court found, in relevant part, that: (1) Shetty and Avery orchestrated the involuntary bankruptcy; (2) there was no credible basis for filing the petition or it lacked merit because Shetty assumed responsibility for managing that aspect of Ryan Estates; and (3) the requested fees were reasonable and should be awarded. The Bankruptcy Court assigned "greater liability to Shetty, in a multiple of three, for his more significant role in directing the involuntary filing, and given his greater knowledge of" Ryan Estate's "obligations as a manager…" This appeal followed.

## II.   LEGAL STANDARD

"Findings of fact of the bankruptcy court are reviewed for clear error, and conclusions of law are reviewed de novo. Mixed questions of law and fact are

---

[1] By withdrawing from this appeal, Shetty's counsel waived his right to appeal his apportioned sanctions.

reviewed de novo." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (citations omitted). The bankruptcy court's "findings of fact are accorded considerable deference and are only clearly erroneous if we are left with a definite and firm conviction a mistake has been committed." *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 618 B.R. 1, 5 (9th Cir. B.A.P. 2020). This court may affirm a decision on any basis supported by the record. *Id.*

### III. DISCUSSION

The sole issue timely presented is whether the Bankruptcy Court erred in assessing a $20,556 fee award against Shetty. It did not.

11 U.S.C. § 303(i) provides for a fee award if "the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection…" *In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 248 (9th Cir. B.A.P. 2007) (citing 11 U.S.C. § 303(i)). The Ninth Circuit has "established a rebuttable presumption that reasonable fees and costs are authorized in order 'to reinforce the idea' that involuntary petitions 'should not be lightly undertaken,' and 'to discourage inappropriate and frivolous filings.'" *In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 250 (9th Cir. B.A.P. 2007) (quoting *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 707 (9th Cir. 2004)). The Ninth Circuit applies a totality of the circumstances test when assessing a § 303(i) motion for damages:

> Although the totality of the circumstances test can be somewhat amorphous, the bankruptcy court, where relevant, should consider the following factors before awarding attorney's fees and costs under § 303(i)(1): 1) the merits of the involuntary petition, 2) the role of any improper conduct on the part of the alleged debtor, 3) the reasonableness of the actions taken by the petitioning creditors, and 4) the motivation and objectives behind filing the petition.

*Higgins*, 379 F.3d at 707–08 (quotations omitted). "Although definitive in most cases, this list is not exhaustive, and a bankruptcy court may, in its discretion, choose to consider other material factors it deems relevant." *Id.* It is "the petitioning creditors' burden to establish, under the totality of the circumstances, that factors exist which overcome the presumption that Debtor should receive fees and costs." *In re C & C Jewelry Mfg., Inc.*, 373 F. App'x 775, 776 (9th Cir. 2010) (quotations omitted).

Shetty offers no argument on appeal concerning the totality of the circumstances test, let alone does Shetty analyze how the Bankruptcy Court erred in finding that the totality of the circumstances weighed in favor of a fee award against him. *See generally* Appellant's Opening Br., ECF No. 23; *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief.") (quoting *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994)). Shetty instead complains that he was not permitted to speak over his now-withdrawn counsel at oral argument and levels irrelevant accusations of an unsubstantiated "fraud on the court." *See* Appellant's Opening Br. 14-25. Shetty also raises new evidence and theories in this appeal, which this Court cannot consider because they were not presented to the Bankruptcy Court. *See, e.g., id.* 24 ("the conflict of interest here was and is prejudicial to Ryan Estates LLC and its petitioning creditors who have been swindled by Sevan Gorginian's client. request for a new trial because the conflict was prejudicial."); *see also Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1261 n.4 (9th Cir. 2016) ("We decline to address new evidence cited for the first time on appeal...").

To the extent that Shetty challenges the application of the totality of the circumstances test by way of this appeal, the record is clear that the Bankruptcy Court's findings were proper. As to the first factor, the Bankruptcy Court properly determined that the involuntary petition lacked merit. The Petitioning Creditors acknowledged as much, stating that "[i]t was not until the reply brief was filed in support of the motion to dismiss the involuntary petition that it was discovered that California law required a writing in order to be able to enforce a promise by a third party to answer for the debts of another." As to the remaining factors, the Bankruptcy Court properly determined that Shetty's actions were unreasonable and that Shetty's motivations for filing the petition were inappropriate. *In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 249 (9th Cir. B.A.P. 2007) ("[A]lthough the Code has liberalized standards for instituting involuntary cases, because of the potential adverse impact on the debtor and the need to encourage discretion in filing such cases, unsuccessful involuntary petitioners should routinely expect to pay the debtor's legal expenses arising from the involuntary filing.") (citations omitted). Shetty's failure to raise any contrary argument is dispositive to his appeal. *Id.; see also Indep. Towers of Washington,* 350 F.3d at 929 (stating that the "we review only issues which are argued specifically and distinctly in a party's opening brief" and that a "bare assertion of an issue does not preserve a claim.") (quotations omitted). Shetty's

failure to present any evidence or argument on appeal concerning the reasonableness of the requested fees likewise forecloses Shetty's ability to challenge the propriety of the Bankruptcy Court's fee award. *Id.* (*"*Particularly on appeal, we have held firm against considering arguments that are not briefed."*).

## IV. CONCLUSION

The Court **AFFIRMS** the decision of the Bankruptcy Court. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

cc: Bankruptcy Court